Name: Doug Kisaka
Address: 501 S.Spring St #457
City, State, Zip: Los Angeles, CA 90013
Phone: 747-279-5721
Fax:
E-Mail: doug@digitalbroadcast.com

☐ FPD ☐ Appointed ☐ CJA ☒ Pro Per ☐ Retained

```
FILED
CLERK, U.S. DISTRICT COURT
OCT - 9 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DOUG KISAKA

PLAINTIFF(S),

v.

USC

DEFENDANT(S).

CASE NUMBER:

2:21-CV-04757-CJC

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _Doug Kisaka_ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):

  Denail of Rule 60(b) Motion to Reinstate

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _9/26/2022_. Entered on the docket in this action on _9/26/2022_.

A copy of said judgment or order is attached hereto.

10/8/2022
Date

*Douglas Kisaka*
Signature
☒ Appellant/ProSe  ☐ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov Message-Id:<34636767@cacd.uscourts.gov>Subject:Activity in Case 2:21-cv-04757-CJC-GJS Doug Kisaka v. University of Southern California Order on Motion for Relief Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered on 9/26/2022 at 2:07 PM PDT and filed on 9/26/2022

| | |
|---|---|
| Case Name: | Doug Kisaka v. University of Southern California |
| Case Number: | 2:21-cv-04757-CJC-GJS |
| Filer: | |

**WARNING: CASE CLOSED on 12/16/2021**

| | |
|---|---|
| Document Number: | 52 |

Docket Text:
**ORDER DENYING SECOND RULE 60(b) MOTION [48]** by Judge Cormac J. Carney. Accordingly, IT IS ORDERED that the Second Rule 60(b) Motion is DENIED. The Court reiterates that no further Rule 60(b) motions or requests for reconsideration or other motions or requests of this nature will be entertained in this closed case. Any such further attempted filings by Plaintiff in disregard of this Courts Orders may subject him to sanctions. IT IS SO ORDERED. (rolm)

**2:21-cv-04757-CJC-GJS Notice has been electronically mailed to:**
Mark Daniel Diao    mark.diao@longbeach.gov, scarter@kmslegal.com
**2:21-cv-04757-CJC-GJS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Doug Kisaka
501 Spring Street No 457
Los Angeles CA 90013

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG KISAKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>　　　　Defendant. | Case No. 2:21-cv-04757-CJC (GJS)<br><br>ORDER DENYING SECOND RULE 60(b) MOTION |

On June 9, 2021, Plaintiff filed a civil rights complaint arising out of the same subject matter as four previous lawsuits brought in this District. Defendant moved to dismiss this action on the grounds of res judicata, untimeliness, and failure to state a claim. On November 15, 2021, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation, in which she recommended that the motion to dismiss be granted on the basis of res judicata [Dkt. 26, "Report"]. On December 16, 2021, the Court accepted the Report and Judgment issued dismissing this case with prejudice [Dkts. 35-36]. Plaintiff did not appeal.

Eight months later, on August 20, 2022, Plaintiff filed a "Rule 60 Motion to Reinstate" [Dkt. 37 "First Rule 60(b) Motion"]. In the Motion, Plaintiff asserted that the Court had committed legal error with respect to the Report's finding that

1  this action was barred by res judicata and purported additional finding that the
2  statute of limitations bars this case. Plaintiff also claimed that the Court had
3  "overlooked" an Order issued by the United States Court of Appeal for the Ninth
4  Circuit in connection with the dismissal of one of his earlier actions, in which the
5  Ninth Circuit found that it lacked jurisdiction to consider his complaints about
6  certain interlocutory orders.

On September 2, 2022, the Court denied the First Rule 60(b) Motion [Dkt. 42, "September 2 Order"]. The September 2 Order explained why the First Rule 60(b) Motion must be construed as one brought under Rule 60(b)(1) and denied it for the following reasons:

> Plaintiff has not shown that the dismissal of this action on res judicata grounds was the result of mistake or inadvertence, much less surprise or excusable neglect. Indeed, he has not shown any error by the Court and, instead, demonstrates only his own misunderstanding of the nature of the Court's dismissal and of the applicable law. Contrary to Plaintiff's arguments, the Court did not dismiss this case on the basis of the statute of limitations. [*See* Report at 2 n.1, expressly declining to reach the statute of limitations issue.] Plaintiff's lengthy arguments regarding the alleged timeliness of this action are irrelevant and do not demonstrate any basis for Rule 60(b)(1) relief. Plaintiff's arguments about why he believes this case is not barred by res judicata are simply a re-hash of those he previously made in this case and which were considered fully in connection with the Report and this Court's Order of dismissal. Plaintiff's assertion that the Court overlooked the nature of the Ninth Circuit's Order in one of his earlier appeals is of no moment. The Court considered the record in full, including appellate proceedings, and the Ninth Circuit's Order he cites has no effect on the res judicata question.

At the conclusion of the September 2 Order, the Court expressly cautioned Plaintiff that "[n]o further motions or requests for reconsideration or other motions or requests will be entertained in this closed case."

Notwithstanding that caution, Plaintiff has filed a second Rule 60(b) "motion

2

to reinstate" [Dkt. 48], along with a supporting declaration [Dkt. 50] (collectively, the "Second Rule 60(b)(1) Motion"). While the Second Rule 60(b) Motion has added some additional introductory verbiage and attempts to explain Plaintiff's behavior in connection with one of his earlier lawsuits, this second motion is effectively duplicative of the First Rule 60(b) Motion. The Court already rejected Plaintiff's arguments through its September 2 Order denying the First Rule 60(b) Motion, and nothing in the Second Rule 60(b) Motion causes the Court to change its mind. Plaintiff has not shown any basis for questioning the Judgment in this case or for setting aside the Court's Order of dismissal. Moreover, Plaintiff has violated the September 2 Order by filing this successive and duplicative motion.

Accordingly, IT IS ORDERED that the Second Rule 60(b) Motion is DENIED.

The Court reiterates that no further Rule 60(b) motions or requests for reconsideration or other motions or requests of this nature will be entertained in this closed case. Any such further attempted filings by Plaintiff in disregard of this Court's Orders may subject him to sanctions.

**IT IS SO ORDERED.**

DATED: September 26, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

3